IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ANGELA JENICE ROBINSON, | ) | |
| Plaintiff, | ) | No. 2:10-185-DCN |
| vs. | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) | **ORDER** |
| Defendant. | ) | |

This matter is before the court on Magistrate Judge Bruce Howe Hendricks' Report and Recommendation (R&R) that this court affirm the decision of the Commissioner denying plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 410-33, 1381-83. Plaintiff has filed specific written objections. For the reasons set forth below, the court adopts the magistrate judge's R&R and affirms the administrative law judge's (ALJ) denial of benefits.

## I. BACKGROUND

Plaintiff filed an application for DIB and SSI on November 6, 2006, alleging disability as of February 21, 2005, due to rheumatoid arthritis (RA), asthma, depression, migraines, hypertension, gastroesophageal reflux disease, a rotator cuff tear, and ovarian cysts. Tr. 14-17, 92-100. Her application was denied initially and upon reconsideration. Tr. 46, 53. Plaintiff requested an administrative hearing, which was held on January 12, 2009. Tr. 20-39. On March 23, 2009, the ALJ found

1

that plaintiff was not disabled because she could perform jobs existing in significant numbers in the national economy based on her ability to perform a range of light work. Tr. 9-19. On November 23, 2009, the Appeals Council rendered the Commissioner's determination final by denying plaintiff's request for a review of the ALJ's decision. Tr. 1-3.

Plaintiff filed this action in federal court on January 25, 2010. After reviewing the record and law, the magistrate judge recommended that the ALJ's decision denying plaintiff benefits be affirmed. On March 3, 2010, plaintiff filed objections to the magistrate judge's findings. Plaintiff objected to the magistrate judge's conclusion that the ALJ properly: (1) denied giving controlling weight to the treating physician's opinion, (2) conducted a listing analysis for RA, (3) evaluated plaintiff's combined impairments, and (4) conducted a RFC assessment. Pl.'s Obj. 1-3.

Plaintiff did not object to the factual findings of the magistrate judge, and this court, therefore, adopts those findings. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Additionally, the court notes that it has considered the specific portions of the record addressed in plaintiff's objections, which are discussed below.

## II.  STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Arn, 474 U.S. at 149-50. This court is not required to

review, under a *de novo* standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. A party's general objections are not sufficient to challenge a magistrate judge's findings. See Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) ; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to her with instructions for further consideration. 28 U.S.C. § 636(b)(1).

Although this court may review the magistrate judge's recommendation *de novo*, judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" has been defined as,

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of eviden ce but m ay be som ewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the cas e before a jur y, then there is "substan tial evidence."

Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Instead, when substantial evidence supports the Commissioner's decision, this court must affirm that decision even if it disagrees with the Commissioner. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456.

### III.   DISCUSSION

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. pt. 4, subpt. P, app. 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his remaining physical and

mental capacities (defined by plaintiff's RFC) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

### A.  Treating Physician

Plaintiff argues that the ALJ erred in failing to assign proper weight to Dr. Gregory Niemer's opinion that plaintiff's RA met the requirements of Listing § 14.09.[1]  Tr. 529.  Statements that a patient is "disabled" or "unable to work" or meets the listing requirements are administrative findings reserved for the Commissioner's determination.  SSR 96-2p.  Even if the plaintiff can produce conflicting evidence which might have resulted in a contrary decision, this court must affirm the Commissioner's findings if substantial evidence supports that decision.  Blalock, 483 F.2d at 775.

As the magistrate judge properly concluded, Dr. Niemer's opinion that plaintiff met the listing requirements is a "legal conclusion" and not a "medical opinion," and thus, was not entitled to significant weight.  Furthermore, the ALJ's

---

[1] A. Persistent inflammation or persistent deformity of:  (1) One or more major peripheral weight-bearing joints resulting in the inability to ambulate effectively (as defined in 14.00(C)(6)); *or* (2) One or more major peripheral joints in each upper extremity resulting in the inability to perform fine *and* gross movements effectively (as defined in 14.00(C)(7)); *or*
B. Inflammation or deformity in one or more major peripheral joints with:  (1) Involvement of two or more organs/body systems with one of the organs/body systems involved at least to a moderate level of severity; *and* (2) at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).  § 14.09 (emphasis added).

5

decision to discredit Dr. Niemer's opinion was supported by substantial evidence.[2] Plaintiff's objection points the court to portions of the record which fail to demonstrate that the ALJ's decision was error.[3] This court, therefore, adopts the magistrate judge's finding that the ALJ did not err in refusing to give Dr. Niemer's legal opinion controlling weight.

### B.  Listing Analysis for RA

The ALJ found that plaintiff suffers from a severe impairment of RA under step two, but that neither this impairment nor the combination of her impairments met, or was medically equal to, one of the listed impairments in 20 CFR pt. 404, subpt. P, app. 1 in step three. Tr. 12. Plaintiff argues the ALJ did not perform a proper listing analysis for plaintiff's RA in step three, and therefore, remand is required.[4] This court affirms the ALJ's decision because the ALJ's error was harmless.

---

[2] Even if this court found that Dr. Niemer's opinion is a medical opinion, in light of the record before this court, the ALJ was fully within his rights to find that it was inconsistent with other substantial evidence. Tr. 18, 378-411. "If a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Id. (citing Hunter, 993 F.2d at 35).

[3] Tr. 186-95, 207 discusses plaintiff's symptoms prior to the date of disability. Tr. 332-33 describes a flu related examination, where plaintiff states that she does not have joint or muscle pain. This contradicts rather than substantiates plaintiff's allegations. Plaintiff may have intended to point the court to an earlier report that notes pain associated with walking and standing that came on suddenly. Tr. 328. It appears the calf pain was not considered problematic enough to receive treatment and remedied itself by plaintiff's next doctor's appointment, which occurred a little over a week later for sinusitis. Tr. 330. Tr. 316-20 addresses only two visits in July and August of 2006 in which Dr. Niemer concluded that while plaintiff complained of lower extremity pain, plaintiff appeared comfortable and the RA was stable. Tr. 402-10, though difficult to decipher, appears to catalogue a three month period in 2007 in which plaintiff alternated between complaining of pain in her lower extremities and on other occasions complaining of pain in her shoulder or arm, but indicates that with infusions the RA is "better" or "good." These few episodes fail to contradict a conclusion that the ALJ's findings were supported by substantial evidence.

[4] Plaintiff's objection only states that the ALJ did not conduct a proper listing analysis and in no way challenges the finding that this conclusion was harmless error due to the ALJ's findings as a whole. Plaintiff's objection impliedly argues that a finding of harmless error is outside the district court's authority. This is incorrect. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994).

A claimant for disability benefits has the burden of proving her disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). A diagnosis of a listed impairment is insufficient; plaintiff's condition must either meet the listing requirements or be medically equivalent to the requirements "based on medical findings," which "must be supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1526(a), (b); see Green v. Chater, No. 94-2049, 1995 WL 478032, at *2 (4th Cir. Aug. 14, 1995). After identifying the proper listing criteria, the ALJ should "compare[] each of the listed criteria to the evidence of [plaintiff's] symptoms." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). Cooke v. Heckler, however, "does not establish an inflexible rule requiring an exhaustive point-by-point discussion in all cases." Russell v. Chater, No. 94-2371, 1995 WL 417576, at *3 (4th Cir. July 7, 1995). Rather, courts in the Fourth Circuit have found that a "point-by-point" analysis is required when, "there is 'ample factual support in the record' for a particular listing." Beckman v. Apfel, No. 99-3696, 2000 WL 1916316, at *9 (D. Md. Dec. 15, 2000).

In the present case, plaintiff has failed to provide factual support at any stage that demonstrates that she meets the listing requirements, as is her burden. Thus, an in-depth "point-by-point" discussion was not needed here. See Russell, 1995 WL 417576, at *3. The ALJ specifically discredited plaintiff's testimony about the severity of her condition, citing plaintiff's medical records which revealed that she had "no acute distress," "examinations ha[d] been essentially benign," and that "the medications ha[d] been relatively effective in controlling the claimant's symptoms."

Tr. 17. Nevertheless, the ALJ's cursory review in step three is insufficient standing alone.

In step three, the ALJ failed to specifically compare plaintiff's symptoms to the listing impairment of RA, even though he classified plaintiff's RA as "severe," and properly identified listing requirements in step three, § 14.09, which he found plaintiff failed to satisfy.[5] The ALJ did, however, discuss plaintiff's symptoms and conditions of RA in light of the medical record and plaintiff's testimony in the subsequent steps, and the discussion therein precludes a finding that plaintiff could have satisfied the listing requirement of § 14.09.[6] Plaintiff has not challenged these findings by the ALJ, which demonstrate substantial evidence that plaintiff's condition does not satisfy the § 14.09 listing requirements, nor cited any contradictory "medically acceptable clinical and laboratory results" supporting her legal conclusions that she meets this listing.

Plaintiff relies only on the legal conclusion of a physician, which was properly discredited by the ALJ, a complaint *prior* to receiving treatment, and an unsupported assertion that she "absolutely did suffer from joint pain, swelling, tenderness…, etc."

---

[5] The ALJ stated that medical imaging did not demonstrate sufficient symptoms, and the record did not establish, that plaintiff met the listing requirements. The ALJ specifically found that plaintiff did not suffer from an inability to ambulate or perform fine and gross movements effectively ruling out § 14.09(A)(1) and (2), nor did plaintiff have inflammation or a deformity in a major peripheral joint with involvement of two or more organs/body with at least one system involved to a moderate level of severity, ruling out § 14.09(B). Tr. 16. The ALJ discussed little specific evidence in step three.

[6] The ALJ noted Dr. Niemer's repeated finding that plaintiff was "responding well to medication" and that plaintiff reported that she was "doing well and even stable with medication" to her doctors. Tr. 18. The ALJ also considered the treatment records from "Dr. John Plyler and the Hope Clinic, which revealed that claimant had a normal gait and she consistently denied pain and weakness in the joints, muscles and back." Tr. 18. Furthermore, the ALJ reviewed plaintiff's symptoms from the records of Dr. Moscatello and Moncks Corner Primary Care, which revealed that claimant had "normal motor strength throughout, intact sensation, no atrophy, normal gait and balance and no edema, cyanosis or clubbing of the extremities," and the ALJ found that no records indicated significant joint deformity. Tr. 18. The ALJ goes into further detail concerning these records when explaining the decision to disregard Dr. Niemer's "updated physician statement" opinion.

Pl.'s Br. 14. The ALJ specifically dealt with the first two types of evidence: (1) he correctly declined to give controlling weight to the legal conclusions of the treating physician, discussed above, and (2) he did not give significant weight to symptoms prior to treatment, as the ALJ found that plaintiff's doctors concluded that the treatment had improved plaintiff's condition. Tr. 17-18. Finally, plaintiff's bald assertion of her symptoms is unsupported by medical records as required by 20 C.F.R. § 404.1526(a), (b). Here, substantial evidence supports the ALJ's conclusion that plaintiff's RA failed to meet the listing criteria because the ALJ discussed the evidence relating to plaintiff's RA his decision, and, read as a whole, the ALJ's decision established that the appropriate factors were considered in finding that plaintiff's impairment did not equal the requirements of listing § 14.09.[7] See, e.g., Crockett v. Astrue, No. 10-0064, 2011 WL 2148815, at *10 (W.D. Va. June 1, 2011). Thus, the ALJ's error in step three was harmless.

### C. Combination of Impairments

Plaintiff next argues that the ALJ did not conduct a proper combination of impairments analysis pursuant to the Fourth Circuit's holding in Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989). Plaintiff states that she suffers from RA, "asthma, depression, migraine headaches, high blood pressure, gastroesophageal reflux disease, a torn shoulder, and recurring ovarian cysts," Pl.'s Obj. 2, and therefore, the

---

[7] Other circuits have found that a proper analysis conducted in the wrong step satisfies the ALJ's duties. See Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005) ("An ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment."); see also Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986) ("While Appendix 1 must be considered in making a disability determination, it is not required that the Secretary mechanically recite the evidence leading to her determination."). This court need not rely on such cases, however, as that the ALJ's analysis in the subsequent step demonstrates that the sequential error was harmless.

magistrate judge's recommendation that this court find the ALJ's opinion sufficient is error.[8]

First, the ALJ separately considered each of these conditions in detail, determining that only plaintiff's RA was "severe." Tr. 14-17. The ALJ briefly discussed plaintiff's "asthma, migraines, hernias, ovarian cysts, gastrointestinal problems, hypertension and depression" together, finding that these were "not severe." Tr. 14. As required by Walker and 20 C.F.R. § 404.1523, the ALJ discussed the conditions in combination when determining plaintiff's RFC. The ALJ discredited plaintiff's testimony concerning the severity, intensity, and limiting effects of her migraines, depression, hip bursitis and torn muscle, stating that the plaintiff's statements were both inconsistent with the RFC assessments and the medical records. Specifically, the ALJ stated that plaintiff's testimony concerning her chronic pain was inconsistent with her examination records, which reveal that she was in no acute distress and that her examinations were essentially benign. Tr. 17; see Walker, 889 F.2d at 39 (discussing the ALJ's ability to discredit plaintiff's testimony concerning pain if it is not substantiated by the medical evidence). The ALJ found that "examinations have routinely revealed that the claimant's lungs were clear," considered plaintiff's RA at length, and found that plaintiff's mental condition had been treated conservatively with medications. Tr. 17. The ALJ indicated that he considered the impairments in "combination" and the "entire record." Tr. 16. The ALJ listed plaintiff's alleged aliments together and discussed them together when determining their effect on plaintiff's ability to work.

---

[8] This conclusory allegation is not supported by facts sufficient to challenge the magistrate judge's finding of harmless error.

The structure of the ALJ's analysis of plaintiff's conditions indicates that the ALJ did, in fact, consider the conditions in combination. This analysis places the facts of this case outside of the circumstances in Walker v. Bowen. While plaintiff states each alleged ailment again in her objection, she does not point to any medical evidence which could demonstrate that the ALJ's analysis was not supported by substantial evidence. Though a more thorough analysis may be required in some cases, plaintiff fails to demonstrate how any additional discussion would have produced a different result. Thus, it appears that the ALJ did not err, and if he did, the error was harmless.

### D. Residual Functional Capacity Assessment

Plaintiff objects to the magistrate judge's conclusion that the ALJ properly conducted the RFC, arguing that the "ALJ fail[ed] to consider the entire record in determining the claimant's limitations." Pl.s' Obj. 3. As the magistrate judge correctly noted,

> The ALJ expressly discussed the plaintiff's various impairments and associated limitations, to the extent he found any present. Tr. 16-17. The ALJ's treatment included consideration of the plaintiff's ability to use her hands; swelling in her ankles and its effect on her ability to stand; her ability to walk for five minutes at a time; the effectiveness of medications; a lack of significant findings of limitation; the presence of a normal gait; evidence of normal motor strength, intact sensation, balance; and lack of evidence of significant joint deformity. Tr. 18. Only after this discussion did the ALJ then also cite the finding of the DDS medical consultants in support of his already reasoned RFC. Tr. 18. So, not only does the ALJ include some measure of an independent function-by-function assessment, contrary to the plaintiff's accusation, the ALJ's reliance on the DDS finding was merely supportive rather than substantive.

R&R 12.

Furthermore, "the ALJ limited plaintiff's RFC to light work, as defined in 20 CFR 404.1567(b)," which includes a finding that plaintiff could stand or walk off and on for a total of approximately six hours of an eight hour workday and plaintiff could occasionally perform the postural activities of climbing ramps/stairs, balancing, stooping, kneeling, crouching, and crawling. Tr. 16. Even if the ALJ had only implied this result, it would have been sufficient. See, e.g., Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) ("[The ALJ's] conclusion [that plaintiff could perform a range of sedentary work] implicitly contained a finding that Mr. Hines physically [was] able to work an eight hour day."); see also Mellon v. Astrue, No. 08-2110, 2009 WL 2777653, at *11-15 (D.S.C. Aug. 31, 2009) (holding that even implicit findings on subordinate issues are sufficient in the Fourth Circuit); Depover v. Barnhart, 349 F.3d 563, 567 (8th Cir. 2003) ("[A]lthough we would have preferred that he had made specific findings as to sitting, standing, and walking, we do not believe that he overlooked those functions. We think instead that the record reflects that the ALJ implicitly found that plaintiff was not limited in these areas."). This court finds that the evaluation of plaintiff's conditions to determine her RFC contained in the ALJ's decision is sufficient and is supported by substantial evidence.

## IV.  CONCLUSION

For the reasons set forth above and by the magistrate judge, the court **ADOPTS** and incorporates by reference the magistrate judge's report and recommendation and **AFFIRMS** the Commissioner's decision denying benefits. Plaintiff's objections are hereby **OVERRULED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**September 19, 2011**
**Charleston, South Carolina**